```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION


CHARLES A FARR,                    §
    Petitioner,                    §
                                   §
VS.                                §   CIVIL ACTION NO.4:03-CV-616-Y
                                   §
DOUGLAS DRETKE, DIRECTOR,          §
T.D.C.J.,Correctional              §
Institutions Div.,                 §
    Respondent.                    §
```

OPINION AND ORDER SUSTAINING, IN PART, PETITIONER'S OBJECTIONS,
      REJECTING MAGISTRATE JUDGE'S RECOMMENDATION and,
      DIRECTING RESPONDENT TO FILE AN ANSWER ON THE MERITS

In this action brought by petitioner Charles A. Farr for a petition for writ of habeas corpus under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record, including the petition, Respondent's answer, Petitioner's supplemental answer with exhibits, and Petitioner's response to the supplemental answer with exhibits;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 5, 2003; and,

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 1, 2003.

The Court, after <u>de novo</u> review, concludes that Petitioner's objections must be sustained, in part, such that the recommendation of the magistrate judge that this case be dismissed as time-barred under 28 U.S.C. § 2244 must be rejected. The Court will thus direct the respondent to file a second supplemental answer addressing the merits of Farr's grounds for relief within 30 days.

By this action, petitioner Charles A. Farr challenges his November 15, 2000, judgment of conviction in the 213th Judicial District Court, Tarrant County, Texas, in cause number 0786270R for capital murder. (Pet.¶ 1-4.) Farr's conviction was affirmed by the Texas Court of Appeals, Second District, on November 15, 2001. Although the court of appeals granted an extension of time until January 16, 2002, to file a petition for discretionary review (PDR), Farr did not file a PDR. Farr filed a state application for writ of habeas corpus on December 17, 2002, which was ultimately denied without written order by the Texas Court of Criminal Appeals on April 30, 2003. *Ex parte Farr,* No. 55642-01 at cover. The instant petition was constructively filed in this Court under "the mailbox rule" on May 31, 2003.[1]

Respondent Dretke argued and the magistrate judge concluded that Farr's § 2254 petition was *one day late.* This Court's consideration of that conclusion involves a detailed review of particular dates, and an enumeration of the days relevant to the application of 28 U.S.C. § 2244(d)(1) and the tolling provision of § 2244(d)(2).

The Court first addresses some discrepancy in the record regarding the date that Farr gave the instant § 2254 petition to prison officials. In spite of Farr's verification on the petition that he placed it in the prison mailing system on May 31, 2003, the

---

[1] A pro-se prisoner's habeas-corpus petition is constructively filed, for the purposes of the AEDPA, when the prisoner delivers the papers to prison authorities for mailing to the district court. *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998); *see also Sonnier v. Johnson,* 161 F.3d 941, 944-45 (5th Cir. 1998). Farr certified that he placed the petition in the prison mailing system on May 31, 2003, and the Court, as explained *infra*, finds that date is the date he constructively filed the instant petition under "the mailbox rule."

2

respondent submitted a supplemental answer with an affidavit of a prison official and a copy of a mail log, suggesting that Farr's petition to this Court was actually deposited in June. In dispute of this evidence, Farr filed a response contending that the Ellis unit in which he was housed at that time had two different mail-drop systems, and he again declared under penalty of perjury that he placed the petition in the indigent mailbox on May 31. (October 9, 2003, Response; Exhibit B.)  After review of this evidence, the magistrate judge found that Farr placed the petition in the prison mail system on May 31 and, under the mailbox rule, deemed the petition filed on that date.  The respondent did not object to this finding and the Court, having therefore reviewed it only for clear error, adopts the finding that the § 2254 petition was constructively filed on May 31, 2003.

There is no dispute that the applicable one-year limitations period runs in this case from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under § 2244(d)(1)(A).[2] There is also no dispute that the date of such finality is January 16, 2002, the date on which Farr's extension of time to file a PDR expired.[3] Thus, under the Fifth Circuit's holding in *Flanagan v.*

---

[2]Farr raises objections about the failure of counsel to notify him of the right to file a PDR, but this argument is raised as a claim for equitable tolling, which is addressed *infra.*

[3]*See Diaz v. Dretke,* No. 5:03-CV-236-C, 2004 WL 691213 at *4 (N.D.Tex. March 31, 2004)(finding that grant of extension of time to file a PDR extends the time to seek further direct review in determining finality under § 2244(d)(1)(A)), *quoting Salinas v. Dretke,* 354 F.3d 425, 428 (5th Cir.),*cert. den'd,* 124 S.Ct. 2099 (2004)("In Texas, a PDR is considered to be part of the direct review process, which ends when the petition is denied or when the time available for filing the petition lapses"); *see also Valdez v. Dretke,* No.3:02-

*Johnson,* 154 F.3d 196, 200-202 (5th Cir. 1998), that Federal Rule of Civil Procedure 6(a) applies so as not to count the day of the act or event from which the § 2244(d) period begins to run, the one-year period began on January 17, 2002, and would have ended on January 16, 2003. But after 334 days had run--through December 16, 2002--Farr filed, on December 17, 2002, a state application for writ of habeas corpus. There is no dispute that this application was pending through April 30, 2003.  The magistrate judge adopted Dretke's contention that Farr was left with only 30 days after April 30, or through May 30, to file within the limits of § 2244(d)(1)(A).  But if only 334 days had run prior to the time the one-year limitations period was tolled, Farr actually had 31 (365 minus 334) days left after tolling ended to file the instant petition, or through May 31. Farr's petition, constructively filed in this Court on May 31, 2003, is timely.

The magistrate judge did not question Dretke's running-of-limitations calculations, and the Court thus delves further into possible reasons for the discrepancy between Dretke's calculations and the Court's. The Court considers whether Dretke's argument, accepted by the magistrate judge and incorporated into his findings and conclusions, is based on the assumption that Federal Rule of Civil Procedure 6(a) also applies to the calculation of the time that the limitations period is tolled under § 2244(d)(2) due to Farr's having filed his application for a state writ. Rule 6(a) provides:

---

CV-1755-L, 2004 WL 2847829, at *2 (N.D.Tex. Dec. 9, 2004), *report and recommendation adopted,* 2005 WL 177844 (N.D.Tex. Jan. 26, 2005).

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.[4]

In *Flanagan,* above, the Fifth Circuit, noting its "longstanding rule that Rule 6(a) applies when computing federal periods of limitation," held that this rule applies to the computation of the § 2244(d)(1) one-year limitation.[5] But that decision did not consider the application of Rule 6(a) to the calculation of the tolling period occasioned by the filing of an application for writ of habeas corpus in a state court, and this Court's research has not uncovered any decision that has.[6]

This Court determines that Rule 6(a) does not govern the counting of the § 2244(d)(2) tolling period for several reasons. First, Rule 6(a) is written to define the computation of an elapse of time. Using the language of § 2244(d)(1), the only "period of time" to be "comput[ed]" here is the one-year period of limitation. There is no reason to compute the period of tolling resulting from the pendency of a state writ, because there is no statutory time "prescribed or allowed" to take any action in state court. There is no limit on how long an "application for State post-conviction or other collateral review" may be pending. Thus, as Rule 6(a) is limited to computation of a prescribed time, by its own terms it

---

[4] FED R. CIV. P. 6(a).

[5] *Flanagan,* 154 F.3d at 201, 202.

[6] *Cf Cruthcer v. Cockrell,* 301 F.3d 656, 658 (5th Cir. 2002)(declining to consider possibility that Rule 6(a) applies to petitioner's state habeas application as not within the scope of the COA granted by the court).

5

cannot apply to the tolling period that is created by § 2244(d)(2).

Concomitantly, Rule 6(a) cannot logically be applied to the tolling period under § 2244(d)(2) because that rule is written to guide the calculation of time for actions to be taken in federal court, under the federal or local rules, by order of Court, or by any applicable federal statute.  The tolling language "during which a[n] . . . application for State post-conviction or other collateral review is pending" in § 2244(d)(2) relates only to actions taken in state court.[7]  Thus, Rule 6(a) is not applicable to computation of the § 2244(d)(2) period.

Furthermore, employment of Rule 6(a) to determine tolling time under § 2244(d)(2) would lead to an illogical result.  For once the running of the § 2244(d)(1)(A) limitations period has begun, every day thereafter logically must be either a day the limitations period runs, or a day that the limitations period is tolled.  And if Rule 6(a) were applied to deny an inmate credit for the day he actually files an application in state court, then the limitations period would be running on a day that the statute says it is tolled; it would be, in effect, running and being tolled at the same time.

In his objections, Farr also contends that he is entitled to equitable tolling for the failure of his counsel to notify him of the right to file a petition for discretionary review.  The one-year limitations period for filing a petition under § 2254 is

---

[7]*See Duncan v. Walker,* 533 U.S. 167, 172 (2001)(holding that the word "State" in 28 U.S.C. § 2244(d)(2) applies to the entire phrase "post-conviction or other collateral review.")

subject to equitable tolling.[8] But the burden is on the petitioner--here Farr--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[9] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[10] Farr, however, cannot show that his counsel's inaction justifies equitable tolling. The Fifth Circuit has expressly noted: "[I]f there were ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in *Cousin v. Lensing,* 310 F.3d 843 (5th Cir. 2002) erased it: `[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.'"[11] Applying this law to the exact claim made by Farr, another court in this district expressly found that "[c]ounsel's failure to notify Petitioner of the disposition of his direct appeal by the intermediate Texas appellate court does

---

[8]*See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[9]*See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[10]*Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999),*cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

[11]*United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002), *cert den'd,* 123 S.Ct. 2630 (2003).

not constitute a basis for equitable tolling."[12] Farr's equitable-tolling objection based upon the actions of appellate counsel is overruled.

Farr has also filed a motion for relief from judgment. As no order of disposition or judgment has issued in this matter, such motion must be denied.

The findings, conclusions, and recommendation of the magistrate judge are REJECTED.

Farr's September 13, 2004, motion for relief from judgment [docket no. 20] is DENIED.

Respondent is directed to file a second supplemental answer to the merits of Farr's grounds for relief within 30 days of the date of this order.

SIGNED August 24, 2005.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[12] *See Thomas v. Dretke,* No.3:04-CV-2155-G, 2005 WL 265147, at *3 (N.D.Tex. Feb. 2, 2005), *report and recommendation adopted as modified,* 2005 WL 440467 (N.D.Tex. Feb. 24, 2005).